Daniel F. Carbone, Esq. Village Attorney, Saranac Lake
You request our opinion whether in the Village of Saranac Lake, which operates under the village manager form of government instituted under the provisions of former Village Law Article 15-A (§§ 360-374), the village manager's appointments of village officers and employees are subject to approval by the village board of trustees.
The appointing power in relation to officers and employees under the village manager form of government was provided for in former Village Law § 373:
"§ 373. Appointment of village officers and employees
 "Such village officers and employees as the board of trustees shall determine are necessary for the proper administration of the village, except the village clerk, village attorney and treasurer and in the county of Westchester officers and members of the police department where such a department has been established pursuant to law, shall be appointed by and may be removed by the village manager; but the village manager shall report each such appointment and removal to the board of trustees at the next meeting thereof following any such appointment or removal; the village clerk, village attorney, village treasurer and officers and members of the police department where such a department has been established pursuant to law, shall be appointed and their salary or compensation fixed by the board of trustees as provided in this chapter."
The present Village Law § 23-2202 provides:
"§ 23-2202 Exceptions
 "This chapter shall not be deemed to repeal or otherwise affect the provisions of any * * * village charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected."
In our opinion, the village manager form of government is a "special form of government" that the present Village Law § 23-2202 left in effect in any village which had adopted that form of government.
Enclosed for your examination is a copy of 1932 Op Atty Gen [Inf] 637, which states that the village manager has the absolute power of appointment and removal of employees exclusive of the village clerk, attorney, treasurer and elected officials. At that time Village Law § 373 read the same as it did when the present Village Law was passed with the exception that a provision had been added in relation to police departments and personnel in Westchester County. With the exception made by that change for Westchester County, the opinion remains an excellent expression of the law.
Also enclosed are 1979 Op Atty Gen [Inf] 108, in which we stated that villages operating under the village manager form of government may provide by local law that the board of trustees will have the power of appointment; 1977 Op Atty Gen [Inf] 88 to the same effect; and 1977 Op Atty Gen [Inf] 167 pointing out that no local law may be passed in relation to selection of justices in villages. The last opinion appears in the printed volume with one line omitted by the printer. The line should be inserted on the third line of the body of the opinion on page 168 after the word "of" and before the word "whether" and reads as follows:
 "the second office of village justice and in which you inquire".
The enclosed copy of the opinion has that material typed in the margin with an arrow indicating the place for its insertion.
In our opinion, in a village having a village manager form of government the village manager has the power of appointment of all village employees and non-elective officers except the clerk, attorney and treasurer, unless the village by local law has modified or removed that power.
We are not in a position to research against local laws of municipalities. Your village clerk will be able to advise you whether your village by local law has modified the appointing power of the village manager.